UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| MATTHEW CARTER,<br><br>              Plaintiff,<br><br>     vs.<br><br>UNITED STATES OF AMERICA,<br><br>              Defendant. | 4:23-CV-04007-KES<br><br><br>ORDER DENYING MOTION FOR<br>APPOINTMENT OF AN ATTOREY |

This matter is pending before the court on Matthew Carter's *pro se* motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.  Docket No. 1.  Mr. Carter has filed a motion for appointment of counsel. Docket No. 9.

This habeas corpus matter is pending pursuant to 28 U.S.C. § 2255. "There is no recognized constitutional right under the Sixth Amendment for the appointment of counsel in habeas corpus cases." Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994).  Because a habeas action is civil in nature, the Sixth Amendment right to counsel applicable in criminal proceedings does not apply. Id.

The statutory basis for the appointment of counsel in a habeas case is found at 18 U.S.C. § 3006A(a)(2)(B) and Rules 6(a) & 8(c), Rules Governing

Section 2255 Cases in United States District Courts, 28 U.S.C. foll. § 2255.

Those statutes provide in relevant part:

> **18 U.S.C. § 3006A(a)(2)(B):**
> (2)     Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who–
> **
> (B) is seeking relief under section 2241, 2254, or 2255 of title 28
>
> **Rule 6(a):**
> If necessary for effective discovery, the judge must appoint an attorney for a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A.
>
> **Rule 8(c):**
> If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A . . .  These rules do not limit the appointment of counsel under § 3006A at any stage of the proceeding.

The appointment of counsel in a habeas case is discretionary when no evidentiary hearing is necessary.  Hoggard, 29 F.3d at 471 (citations omitted). "In exercising its discretion, the district court should consider the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his claims, along with any other relevant factors."  Id.  Most importantly, "where the issues involved can be properly resolved on the basis of the [federal] court record, a district court does not abuse its discretion in denying a request for court-appointed counsel."  Id.

It has not yet been determined by the undersigned whether an evidentiary hearing will be required in Mr. Carter's case.  Furthermore, at this

point, the issues are commonplace, not complex, and Mr. Carter has amply

shown he is capable of advocating for himself.  Accordingly, it is hereby

ORDERED that Mr. Carter's motion for the appointment of counsel

[Docket No. 9] is denied.  Counsel will be appointed should it be necessary to

hold an evidentiary hearing on one or more of Mr. Carter's substantive claims

for relief.

DATED this 31st day of July, 2023.

BY THE COURT:

_____
VERONICA L. DUFFY
United States Magistrate Judge

3