UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| MATTHEW CARTER,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 4:23-CV-04007-KES<br><br>ORDER DENYING MOTION TO RECONSIDER AND RULE 60(b) MOTION FOR RELIEF FROM JUDGMENT |

Petitioner, Matthew Carter, filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. Docket 1. This court granted respondent's motion to dismiss Carter's § 2255 motion with prejudice and entered judgment in favor of respondent. Docket 71 at 27; Docket 72. Carter now moves for reconsideration of the order granting respondent's motion to dismiss his § 2255 petition with prejudice. Docket 78. Carter also seeks relief from judgment under Rule 60(b). Docket 79.

## DISCUSSION

"A motion for reconsideration is not described in the Federal Rules of Civil Procedure, but such a motion is typically construed either as a Rule 59(e) motion to alter or amend the judgment or as Rule 60(b) motion for relief from judgment." *Auto Servs. Co. v. KPMG, LLP*, 537 F.3d 853, 855 (8th Cir. 2008) (internal quotation omitted). Rule 59(e) of the Federal Rules of Civil Procedure was adopted to clarify a district court's power to correct its own mistakes in the time period immediately following entry of judgment. *Norman v. Ark. Dep't of*

*Educ.*, 79 F.3d 748, 750 (8th Cir. 1996) (citing *White v. N.H. Dep't of Emp. Sec.*, 455 U.S. 445, 450 (1982)). Rule 59(e) motions "serve the limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.' " *United States v. Metro St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quoting *Innovative Home Health Care v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998)). Rule 59(e) motions may not be used to introduce evidence, tender new legal theories, or raise arguments that could have been offered or raised prior to the entry of judgment. *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988).

Federal Rule of Civil Procedure 60(b) provides that "[o]n motion and just terms, the court may relieve a party . . . from a final judgment" for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Carter argues that he is entitled to relief from the judgment dismissing his habeas petition under Rule 60(b)(1), (4), and (6). Docket 79 at 1. "A district court should grant a Rule 60(b) motion only upon an adequate showing of exceptional circumstances." *Richards v. Aramark Servs., Inc.*, 108 F.3d 925, 927 (8th Cir. 1997) (internal quotation omitted). A district

court has "wide discretion" in ruling on a Rule 60(b)(6) motion. *Jones v. Swanson*, 512 F.3d 1045, 1048 (8th Cir. 2008).

Carter argues that he is entitled to post-judgment relief because the court failed to consider a timely case summary that he describes as a supplemental brief in support of his actual innocence. Docket 78 at 1 (citing Docket 73); Docket 79 at 1 (citing Docket 73). Contrary to Carter's assertion, his "case summary" was not timely. The deadline for Carter to object to the magistrate judge's report and recommendation was August 22, 2023. Docket 42 at 41. His case summary was filed on June 26, 2024. Docket 73. Further, Carter's case summary simply quotes four federal statutes and four constitutional provisions Carter describes as jurisdictional.[1] *Id.* Carter's untimely case summary is not a basis upon which post-judgment relief can be granted.

The other arguments Carter raises in support of his motion to reconsider and Rule 60(b) motion are arguments that he raised in his objections to the magistrate judge's report and recommendation. *Compare* Dockets 78, 79 *with* Docket 48. The court considered and overruled these objections in its order adopting the report and recommendation as modified and granting

---

[1] Carter's case summary also quotes the open courts provision of the South Dakota state constitution and three South Dakota statutes. State constitutional provisions and statutes have no bearing on Carter's § 2255 motion. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("federal habeas corpus relief does not lie for errors of state law") (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)).

respondent's motion to dismiss Carter's § 2255 motion. *See* Docket 71. Carter's renewed objections are not a basis for post-judgment relief.

Although the caption of Carter's Rule 60(b) motion references Rule 60(b)(4), Carter is not entitled to relief under this subsection. Rule 60(b)(4) applies only in the rare circumstances in which a district court lacks jurisdiction or there is a violation of due process that deprive a party of notice or the opportunity to be heard. *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010). Here, Carter does not allege any facts or argue that the judgment dismissing his § 2255 motion is "void" as defined by the United States Supreme Court. For these reasons, Carter's motion to reconsider (Docket 78) and his Rule 60(b) motion (Docket 79) are denied.

In his notice of appeal and request seeking review on appeal of the ruling on the post-judgment motion, Carter seeks leave of court to appeal "the ruling on the post-judgment motion for the **Rule 60(b) motion**[.]" Docket 86 at 2. If Carter seeks to appeal from this order denying his motion for reconsideration and his Rule 60(b) motion, he does not need leave of court to do so. Federal Rule of Appellate Procedure 4(a)(1)(B)(ii) permits Carter to appeal from this order without leave of court. To the extent Carter's "Notice of Appeal & Request Seeking Review on Appeal of the Ruling on the Post-Judgment Motion" (Docket 86) seeks affirmative relief from this court, it is denied as moot.

Thus, it is ORDERED:

1. That Carter's motion to reconsider (Docket 78) is denied.

2. That Carter's Rule 60(b) motion (Docket 79) is denied.

3. That to the extent Carter's "Notice of Appeal & Request Seeking Review on Appeal of the Ruling on the Post-Judgment Motion" (Docket 86) seeks affirmative relief from this court, it is denied as moot.

DATED October 8, 2024.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE