UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| MATTHEW CARTER,<br><br>Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 4:23-CV-04007-KES<br><br>ORDER DENYING CARTER'S RULE 60(b) MOTION |

Movant, Matthew Carter, filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. Docket 1. The court granted respondent's motion to dismiss Carter's § 2255 motion with prejudice and entered judgment in favor of respondent. Docket 71 at 27; Docket 72. The United States Court of Appeals for the Eighth Circuit denied Carter's application for certificate of appealability. Docket 93. Now pending is Carter's "Motion for Rule 60(b) Relief from Judgment and Vacature of Sentence[.]" Dockets 96, 97.[1] Carter's Rule 60(b) motion is based on an affidavit, dated June 10, 2025, that Carter asserts is new evidence that proves he is innocent. *Id.*

Federal Rule of Civil Procedure 60(b)(2) provides that a court may relieve a party from a final judgment based on "newly discovered evidence[.]" Fed. R. Civ. P. 60(b)(2). But before the court can consider the merits of a Rule 60(b) motion filed in a habeas case, the court must consider whether the Rule 60(b)

---

[1] The record includes two copies of this motion because Carter filed the same motion in his underlying criminal case. *Compare* Docket 96 *with* Docket 97.

motion is in fact a successive § 2255 motion. *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (per curiam) A federal prisoner may file a second or successive § 2255 motion only after obtaining authorization to do so from the appropriate United States Court of Appeals. 28 U.S.C. § 2255(h); *see also* 28 U.S.C. § 2244(b)(3). If a Rule 60(b) motion is actually a second or successive § 2255 motion, the court must dismiss the motion for failure to obtain authorization from the Eighth Circuit. *Boyd*, 304 F.3d at 814. A Rule 60(b) motion "that seeks to add a new ground for relief" or "attacks the federal court's previous resolution of a claim on the merits" is a second or successive § 2255 motion subject to dismissal. *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). " 'On the merits' refers 'to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief[.]' " *Ward v. Norris*, 577 F.3d 925, 933 (8th Cir. 2009) (quoting *Gonzalez*, 545 U.S. at 532 n.4). A Rule 60(b) motion is not a second or successive § 2255 motion if the motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Gonzalez*, 545 U.S at 532.

     Here, Carter does not allege any defect in the integrity of the § 2255 proceeding. Rather, he contends that grounds exist, newly discovered evidence, entitling him to relief. *See generally* Docket 96. Thus, Carter's Rule 60(b) is a second or successive § 2255 motion. *See Rouse v. United States*, 14 F.4th 795, 800 (8th Cir. 2021) (recognizing that a Rule 60(b) motion seeking relief based on "newly discovered evidence . . . in support of a claim previously denied[,]"

falls "squarely within the class of Rule 60(b) claims to which the Supreme Court applied § 2244(b) restrictions in *Gonzalez*."). Because Carter has not received permission from the Eighth Circuit to bring a second or successive § 2255 motion, the court must deny his Rule 60(b) motion. Thus, it is

ORDERED that Carter's Rule 60(b) motions (Dockets 96 and 97) are denied.

DATED November 17, 2025.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE